The EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

Walter ALFORD d/b/a Beau Shane, Ecurie Alford, Ltd., and the Alford Corporation, Defendants.

Civ. A. No. 91–113–NN.

United States District Court,
E.D. Virginia,
Newport News Division.

May 6, 1992.

Anita Kay Henry, Office of the U.S. Atty., Norfolk, Va., for plaintiff.

Robyn Hylton Hansen, Jones, Blechman, Woltz & Kelly, Newport News, Va., for defendants.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on plaintiff's objections to the magistrate judge's Report and Recommendation (hereinafter "Recommendation"), in which the magistrate judge denied plaintiff's motion to conduct discovery and recommended that this court grant defendants' motions to dismiss the complaint. Plaintiff also moves the court to amend the complaint.

### I. Background

In July, 1988, Walter Alford d/b/a Beau Shane (hereinafter "Beau Shane") hired Michele Faillers as a horse groomer. Beau Shane was a sole proprietorship, operated by Walter Alford, that bred and trained thoroughbred jumpers. In December, 1988, Faillers notified Alford that she was pregnant, and Alford expressed concern for Faillers' safety around the horses. On April 26, 1989, after restating his concern for her safety, Alford informed Faillers that he had hired someone to replace her. Faillers' supervisor, Janet Wilson, prepared and signed a termination notice that stated: "Michele Faillers' job at Beau Shane was terminated on 4–26–89 because of pregnancy due to safety reasons."

Faillers filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on June 13, 1989. On June 8, 1990, the EEOC found reasonable cause to believe that Faillers' allegations of discrimination were true. On August 22, 1991, the EEOC filed its complaint, on behalf of Faillers, against defendants Beau Shane, Ecurie Alford, Ltd. (hereinafter "Ecurie"), and The Alford Corporation (hereinafter "Alford Corp")[1] for sexual discrimination in violation of Title VII of the Civil Rights Act of 1964, as

---

1. In its complaint, the EEOC misidentified two of the defendants. The complaint identifies defendant Walter Alford d/b/a as Beau Shane as "Walter Alford" and identifies Ecurie Alford, Ltd. as "Ecurie Alford, Ltd. d/b/a Beau Shane." The Recommendation corrected the caption of the case to reflect properly the defendants "Walter Alford d/b/a Beau Shane" and "Ecurie Alford, Ltd." Plaintiff has moved to amend to correct this misnomer of the parties. *See infra* at 290.

All three defendants were owned by Walter Alford. Ecurie was incorporated in January, 1989, for the purpose of taking over the business of Beau Shane, and Beau Shane ceased operations in the third quarter of 1989. Alford Corp was a construction company that also ceased operations in 1989.

amended, 42 U.S.C. § 2000e *et seq.* (hereinafter "Title VII").

At the same time that the EEOC served defendants with the complaint, it made its first discovery request. Without responding to plaintiff's request for discovery, on September 18, 1991, defendants filed motions to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Each defendant contends that it is not an "employer" as defined by Title VII. As an additional ground in support of dismissal, defendant Beau Shane contends that the complaint is barred by the filing and discharge of Walter Alford in bankruptcy.[2]

On October 8, 1991, the EEOC filed a motion to conduct discovery on the issue of jurisdiction and specifically requested the court to reserve judgment on the question of jurisdiction pending discovery of relevant jurisdictional facts. The EEOC argued that defendants operated as an integrated enterprise and, as such, satisfied Title VII's definition of "employer." On October 11, 1991, defendants filed objections to the EEOC's discovery requests on the grounds that providing responses to the discovery would unduly burden defendants and waste their resources. The magistrate judge heard arguments on the motions on November 7, 1991, and then issued his Recommendation on December 27, 1991.

## II. Objections to the Recommendation

■ The magistrate judge (1) denied plaintiff's motion for discovery of relevant jurisdictional facts because discovery would be abusive, and (2) recommended granting defendants' motions to dismiss for lack of subject matter jurisdiction because defendants did not qualify as "employers" as defined under Title VII. With respect to the magistrate judge's ruling on plaintiff's motion for discovery, the court determines whether the order was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). As to defendants' motions to dismiss, the court reviews *de novo*

those portions of the Recommendation that plaintiff finds objectionable. 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b).

Specifically, the EEOC objects to the Recommendation on the following grounds:

1. The Recommendation fails to recognize that the denial of the EEOC's request to engage in discovery of facts supporting jurisdiction constitutes an abuse of discretion.

2. The Recommendation fails to recognize that dismissal of the EEOC's suit for lack of subject matter jurisdiction is premature because Title VII provides both the basis of federal court subject matter jurisdiction and the cause of action.

3. The Recommendation fails to articulate or apply the proper standard for the dismissal of the EEOC's complaint for lack of jurisdiction.

4. The Recommendation fails to recognize that the EEOC's following claims for equitable relief against defendant Beau Shane are not dischargeable in bankruptcy: (a) rightful reinstatement; (b) a permanent injunction enjoining Beau Shane from discriminating on the basis of sex or pregnancy; (c) an order requiring Beau Shane to institute and carry out policies, practices and programs that provide females equal employment and eradicate the effects of unlawful employment practices; (d) posting of the remedial action ordered by the court and notice that Beau Shane will not discriminate on the basis of sex or pregnancy; and (e) costs.

Pl. Equal Employment Opportunity Comm'n Objections to Magistrate's Report and Recommendation of Dec. 27, 1991 (corrected copy filed Jan. 16, 1992).

After due consideration and for the reasons stated below, the court agrees with objections 1, 2, and 3 above. At this stage, the court finds it unnecessary to decide whether and to what extent the EEOC's claims for equitable relief against Beau Shane were discharged in Walter Alford's bankruptcy. Resolution of this issue may

---

**2.** Walter and Bonnie Alford petitioned for bankruptcy under Chapter 7 on October 25, 1989.

They listed Faillers as a creditor and were discharged on April 12, 1990.

become necessary only after the court decides whether and to what extent defendants operated as an integrated enterprise.

### A. EEOC's Discovery Request

In this case, each defendant challenges the truth of plaintiff's jurisdictional allegations on the basis that it does not qualify as an "employer" under Title VII. Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b).

Defendants' motions do not assert that the complaint fails to allege facts upon which to base subject matter jurisdiction.[3] Rather, defendants assert that although the complaint alleges that each of the defendants employed fifteen or more employees during the relevant time period, this allegation is not true in fact.

 A motion to dismiss for lack of subject matter jurisdiction may attack the complaint on its face, in that it fails to allege facts upon which the court can base jurisdiction, or it may attack the truth of the underlying jurisdictional allegations contained in the complaint. The party asserting subject matter jurisdiction has the burden to allege and prove it. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). In a facial attack, the court assumes all the facts in the complaint are true, thus providing the plaintiff the same procedural protection as a Rule 12(b)(6) determination. *Id.*

 In a challenge to the underlying allegations of the complaint, as in the case at bar, the court may consider evidence outside of the complaint to determine whether sufficient facts support the jurisdictional allegations. The court may "consider evidence by affidavit, depositions or live testimony." *Id.* (citing *Mims v. Kemp,* 516 F.2d 21 (4th Cir.1975)). Thus, unlike the procedure in a Rule 12(b)(6) motion, which reserves "the truth finding role for the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." *Adams,* 697 F.2d at 1219; *see also Thigpen v. United States,* 800 F.2d 393, 396 (4th Cir.1986) ("a court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion"). In fact, "[t]he nature of jurisdiction requires that courts establish in fact, rather than assume blindly, their power to hear a dispute." *Thigpen,* 800 F.2d at 396.

 The dispositive nature of a Rule 12(b)(1) challenge to the underlying jurisdictional facts requires the court to satisfy itself that the record has been fully developed before deciding the motion.[4] The Fourth Circuit has recognized that absent a developed record, "a trial court should allow plaintiffs the opportunity to discover facts to support jurisdictional allegations." *Thigpen,* 800 F.2d at 396 (citing *Magd-Pour v. Georgiana Community Hosp., Inc.,* 724 F.2d 901, 903 (11th Cir.1984)); *see Canavan v. Beneficial Fin. Corp.,* 553 F.2d 860, 865 (3d Cir.1977) (Title VII case holding that "refusal of the district court to permit plaintiff discovery of jurisdiction-

---

**3.** Defendants do repeatedly suggest in their briefs, however, that the complaint is insufficient on its face because plaintiff failed to allege that any of the defendants employed Michele Faillers. First, in this Opinion and Order, the court grants plaintiff's motion to amend its complaint to specifically include such an allegation. *See infra* at 290. Second, even assuming that defendants in part base their jurisdictional attack on the insufficiency of the allegations in the complaint, the court would find that the original complaint alleges enough facts to establish that defendants were employers under Title VII. Although the complaint never explicitly alleges that Faillers was an employee of any of

the defendants, the court can reasonably infer that fact from the complaint's allegation that the defendants discharged plaintiff.

**4.** *See, e.g., Adams,* 697 F.2d at 1220 (case reversed and remanded because Rule 12(b)(1) hearing had not developed sufficient facts to resolve jurisdictional issue); *Mims,* 516 F.2d at 23–24 (case reversed and remanded because parties did not have full opportunity to develop facts relating to jurisdictional allegations); *Saval v. BL Ltd,* 710 F.2d 1027, 1029 n. 2 (4th Cir.1983) (court may decide whether subject matter jurisdiction exists before trial on the merits, if record is sufficiently developed).

al facts was inconsistent with the sound exercise of judicial discretion"). Moreover, an opportunity for reasonable discovery is especially important in the context of Title VII actions because summary disposition is not favored in the Fourth Circuit, especially on a "potentially inadequate factual presentation." *See Logan v. General Fireproofing Co.*, 521 F.2d 881, 883 (4th Cir. 1971) (quoting *Williams v. Howard Johnson's Inc.*, 323 F.2d 102, 105 (4th Cir.1963)). Although trial courts have wide discretion to control discovery, *id.* (citations omitted), discovery in the context of disputed jurisdictional facts is not entirely discretionary, *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 & n. 7 (11th Cir.1982).[5]

The record in this case has not been sufficiently developed to support a decision on the jurisdictional question that defendants' motions raise. To establish jurisdiction, the court must find that defendants, either alone or as an integrated enterprise, employed Faillers and a total of fifteen or more employees during the relevant period. 42 U.S.C. § 2000e(b); *see, e.g., EEOC v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 571–73 (6th Cir.1984) (determining whether two entities are liable as a single employer under Title VII, when at least one of those entities, considered independently, would not meet the statutory definition of employer). These are factual questions that the parties hotly contest.

By affidavit submitted with defendants' motions, Bonnie Alford, Walter Alford's wife, stated that Beau Shane never employed more than five employees; Ecurie was incorporated in January, 1989, for the purpose of taking over the business of Beau Shane [6]; Ecurie has never employed more than five employees; Beau Shane and Ecurie employed Faillers; Alford Corp never employed Faillers, either directly or indirectly; and Alford Corp ceased to do business as of October 1, 1989.

The EEOC supports its assertion of jurisdiction on the ground that its investigation indicated that defendants operated as an integrated enterprise, and, therefore, the court should treat them as a single employer under Title VII for purposes of determining the number of employees and assessing liability. Neither party contests that Walter Alford was the sole owner of Beau Shane, its successor, Ecurie, and Alford Corp during the relevant period, and that he controlled the daily operations of these businesses. He was the ultimate decisionmaker regarding personnel matters with all his businesses. Moreover, the EEOC has produced evidence that Alford Corp shared employees with Beau Shane and Ecurie. Janet Wilson managed Beau Shane and its successor, Ecurie, and served as Faillers' immediate supervisor. Virginia Employment Commission records reveal that Wilson was also directly employed by Alford Corp. Wilson was also consulted regarding Faillers' dismissal, and she prepared Faillers' dismissal notice.

Without the benefit of full discovery on the issue, the magistrate judge concluded that defendants were not an integrated enterprise. The court denied the EEOC's discovery request on the issue of whether defendants were integrated, rea-

---

**5.** The facts in *Eaton* are analogous to this case. In *Eaton,* the question of subject matter jurisdiction required an intensive factual inquiry into whether a subdivision contained the statutorily required number of lots. The defendant in *Eaton* argued that the federal statute did not apply to it because the development contained only 86 lots, and the statute exempted from coverage subdivisions containing less than 100 lots. Plaintiffs responded that the subdivision was part of a larger subdivision, which contained more than 100 units, and which defendants were developing in concert with another developer pursuant to a common promotional plan. Plaintiffs moved to amend their complaint to explicitly state the factual basis of jurisdiction,

and they requested that the court reserve ruling on the question of jurisdiction until they could use discovery to develop additional jurisdictional facts. Without ruling on plaintiffs' motions, the district court dismissed the action for lack of subject matter jurisdiction. The Eleventh Circuit reversed the district court's dismissal concluding that dismissal was premature, and that "[p]laintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction." 692 F.2d at 731.

**6.** Beau Shane ceased operations in the third quarter of 1989.

soning that the EEOC had sufficient evidence available to it before filing the complaint, despite defendants' refusal to respond to the EEOC's discovery requests. In finding no integrated enterprise, the court relied on the diverse natures of defendant corporations. Alford Corp was a construction company located in Charlottesville, Virginia, that employed over 200 people, whereas Beau Shane and Ecurie were horse breeding and training companies located in Mathews, Virginia, that never employed more than five people. Although relevant, the diverse nature of the individual corporations is not dispositive of whether entities are integrated. Rather, courts consider four factors when deciding whether separate entities are integrated: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control. *Radio and Television Broadcast Technicians Local Union v. Broadcast Serv. of Mobile, Inc.*, 380 U.S. 255, 256, 85 S.Ct. 876, 877, 13 L.Ed.2d 789 (1965) (per curiam); *Walter N. Yoder & Sons, Inc. v. NLRB*, 754 F.2d 531, 535 (4th Cir. 1985).

Even without cooperation in discovery, the EEOC has marshalled facts that plausibly suggest that the three defendants were integrated. For example, the sharing of services of managers and personnel and the sharing of office space, equipment, and storage suggest an interrelation of operations and common management. The Virginia Employment Commission records covering the period July, 1988, to September, 1989, show Janet Wilson as an employee of Alford Corp. Yet, Wilson supervised Faillers' at the Beau Shane/Ecurie stables and participated in Faillers' termination. Also, the Virginia Employment Commission records for Alford Corp in 1989 and the Annual Reports for Ecurie in 1989 and

1990 show that both companies were located at the same address, which would indicate that they shared facilities. Of course, the extent to which they shared facilities is unknown because of the lack of discovery. Finally, common ownership or financial control among defendant corporations is beyond dispute, because Walter Alford was the sole owner of each defendant corporation.

Neither the magistrate judge nor the EEOC had any evidence, whether by way of depositions, answers to interrogatories, or responses to document requests, concerning the sharing of management services, such as checkwriting, sharing of office space or equipment, sharing of employees, compensation of employees, maintenance of bank accounts, sharing of company funds, or the management of operations. Nor did the magistrate judge hold any type of evidentiary hearing on the interrelationship of the entities. Instead, the magistrate judge relied on the limited written submissions of the parties and oral arguments of counsel.[7] The refusal to permit discovery thus left the record incomplete on the issue of whether defendants operated as an integrated enterprise.

Based upon the legal authority cited in this Opinion and Order, including a clear mandate from the Fourth Circuit, this court concludes that the magistrate judge's denial of the EEOC's request for reasonable discovery of facts to support its jurisdictional allegations was contrary to law and an abuse of discretion. The discovery request should be granted. Moreover, denial of defendants' motions to dismiss would be premature, absent a properly developed record from which the court can determine whether defendants qualify as "employers" under Title VII.

7. The magistrate judge concluded that discovery was unnecessary because the EEOC had access to the affidavits of Walter Alford; Bonnie Alford, Vice–President of Alford Corp; Patricia Bynum–Edwards; and records of the State Corporation Commission and the Virginia Employment Commission. Recommendation at 20–21. The Recommendation also suggested that the EEOC's resources had been more than adequate to satisfy their discovery requests in that the investigation had been on-going since June 13, 1989, and because "four" government attorneys signed the complaint. Given the EEOC's unanswered discovery requests, none of these reasons satisfies this court that the record contained enough evidence to decide whether defendants operated as an integrated enterprise.

## B. Dismissal for Lack of Subject Matter Jurisdiction

Dismissal for lack of subject matter jurisdiction is premature because the Rule 12(b)(1) motion raises factual issues that are connected to the merits of the dispute. A strict standard governs dismissals for lack of subject matter jurisdiction when the basis of jurisdiction is also an element in plaintiff's cause of action. *See Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). The Fifth Circuit has explained this standard:

> Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. The Supreme Court has made it clear that in that situation no purpose is served by indirectly arguing the merits in the context of federal jurisdiction. Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits.... Therefore as a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action.

*Williamson v. Tucker,* 645 F.2d 404, 415–16 (5th Cir.) (footnote omitted), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).[8]

The Fourth Circuit recognizes this standard and follows the well-settled rule that "where the jurisdictional facts are intertwined with the facts central to the merits of the dispute ... the entire factual dispute is appropriately resolved only by a proceeding on the merits," with all its attendant safeguards, not by a Rule 12(b)(1) determination. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982); *see also Richmond, F.*

& P.R.R. v. United States, 945 F.2d 765, 768 (4th Cir.1991) ("The district court should apply the standard applicable to a motion for summary judgment" in cases in which a Rule 12(b)(1) motion challenges the factual basis for subject matter jurisdiction.), *cert. denied,* —— U.S. ——, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992). A proceeding on the merits would, of course, include a motion for summary judgment under Rule 56.

In this case, Title VII provides both the EEOC's cause of action and the basis for this court's jurisdiction.[9] Jurisdiction depends on the applicability of the statutorily defined term "employer." The threshold substantive dispute between the parties is whether defendants are "employers" having a duty to Faillers to comply with Title VII. If defendants owe such a duty, then the court has jurisdiction. Because the court's determination of whether it has jurisdiction hinges upon whether defendants are "employers," the jurisdictional determination effectively decides the threshold substantive dispute between the parties, i.e., whether defendants owe a duty under Title VII to Faillers. The jurisdictional issue, therefore, entangles the merits. Because the basis of this court's jurisdiction is an element of plaintiff's claim, thus entangling the jurisdictional facts with the merits of the case, the strict standard enunciated in *Bell* and *Williamson* applies.

Even when consideration of the jurisdictional claim entangles the merits, dismissal for lack of subject matter jurisdiction remains appropriate, but only in limited circumstances. In *Bell,* the Supreme Court held that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous." 327

---

**8.** The strict standard in *Bell* would not apply to a jurisdictional attack that does *not* entangle the merits of a federal claim. For example, if federal jurisdiction is based on diversity of citizenship, the court may conclude that diversity is absent without addressing the underlying state claim.

**9.** *See* 42 U.S.C. § 2000e–5(f)(3) (1981) ("Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter.").

U.S. at 682–83, 66 S.Ct. at 776. These exceptions, however, are narrow and are met only in those cases in which the federal claim is clearly immaterial or insubstantial. *Williamson*, 645 F.2d at 416.

This court concludes that these narrow exceptions do not apply to plaintiff's claim. Plaintiff has alleged a legitimate cause of action under Title VII and defendants do not deny that plaintiff was fired because she became pregnant. Therefore, the objection to jurisdiction should be dealt with as a direct attack on the merits of plaintiff's case and resolved accordingly. Such resolution may result from summary judgment upon proper motion or may result from findings of disputed facts by the court, following the presentation of evidence at a trial on the merits.[10] However, before entertaining motions on the merits, if any, plaintiff should be given a full opportunity for reasonable discovery on the issue of whether defendants qualify as employers under Title VII.

### III. Motion to Amend Complaint

Plaintiff further requests leave to amend its complaint to (1) correct a misnomer of the parties;[11] (2) amplify its claim against Ecurie and Alford Corp as a defendant employer under the theory of integrated enterprise; (3) name Beau Shane, Ecurie, and Alford Corp in the alternative as a defendant employer under the theory of integrated enterprise; and (4) name defendant Walter Alford, individually, as an agent of the integrated enterprise of Ecurie and Alford Corp and as an agent of the integrated enterprise of Beau Shane, Ecurie, and Alford Corp. The parties agree that the standards articulated by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), govern whether the court should grant plaintiff's request to amend its complaint. In *Foman*, the Supreme Court stated:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182, 83 S.Ct. at 230.

The amendment sought by plaintiff would not prejudice defendants; nothing suggests that plaintiff has acted in bad faith; and the amendments to the complaint would not be futile. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986). Therefore, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and in light of this court's decision to grant discovery and to reject at this juncture the Recommendation to dismiss the complaint, plaintiff's motion to amend the complaint should be granted.

### IV. Conclusion

Dismissal of the EEOC's claim would be premature without a full opportunity for both parties to conduct discovery on the issue of jurisdiction. Moreover, although this court reaches no conclusion regarding the merits of plaintiff's claim, the relation of defendants' jurisdictional question to plaintiff's Title VII claim makes dismissal for lack of subject matter jurisdiction inappropriate at this time. Accordingly, the court REVERSES the magistrate judge's denial of plaintiff's motion to conduct discovery and REJECTS the Recommendation to dismiss the complaint for lack of subject matter jurisdiction.[12] Defendants' motion

---

**10.** Although a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted would normally remain an available option for a decision on the merits, such a challenge would not be fruitful in this case. *See supra* note 3.

**11.** *See supra* note 1 for delineation of the misnomer.

**12.** A decision on whether the EEOC's claims for equitable relief against defendant Beau Shane were discharged in bankruptcy must await a fully developed record on the interrelationship of the party defendants. *See supra* at 286.

to dismiss is DENIED, but may be renewed at the appropriate time as a motion on the merits pursuant to the standards set forth in this Opinion and Order. Plaintiff's motion to amend the complaint is GRANTED. The amended complaint shall be filed within ten (10) days of the date of this order. Defendants shall respond within ten (10) days after service of the amended complaint. Fed.R.Civ.P. 15(a).

The Clerk is DIRECTED to send a copy of this Opinion and Order to all counsel of record and to set the matter for an Initial Pretrial Conference, following defendants' filing of an answer to the amended complaint.

It is so ORDERED.