**Lee Ann McGINNIS, M.D., Plaintiff,**

v.

**SOUTHEAST ANESTHESIA ASSOCIATES, P.A., Defendant.**

**Civ. A. No. 3:94–cv–242–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

March 15, 1995.

George Daly, Charlotte, NC, for plaintiff.

C. Ralph Kinsey, Jr., Kimberlye F. Cornelson, Charlotte, NC, for defendant.

## *ORDER*

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on the Defendant's "Motion To Dismiss For Lack Of Subject Matter Jurisdiction" [Document # 5], filed September 19, 1994, and the Plaintiff's "Motion To Strike, Alternative Motion For Leave To File Surreply Memorandum And Affidavits; Motion To Allow Discovery" [Document # 20], filed December 1, 1994.

### *Motion to Strike*

On September 19, 1994, the Defendant filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, which was accompanied by supporting affidavits. On October 17, 1994, the Plaintiff filed a response in opposition, which was accompanied by supporting affidavits. This response was amended on October 18, 1994. On November 28, 1994, the Defendant filed a reply, which was accompanied by supplemental supporting affidavits from Richard Lee Gilbert and David E. Cloninger. The Plaintiff now objects to these two affidavits and the entire reply under *Federal Rule of Civil Procedure* 6(d).

Rule 6(d) reads in relevant part: "When a motion is supported by affidavit, the affidavit shall be served with the motion." Fed.R.Civ.P. 6(d) (emphasis added). Rule 6(d) is silent on when reply affidavits must be filed. Therefore, because the contested affidavits in the case at bar do not support the Defendant's motion, but rather support the reply, Rule 6(d) does not prohibit them from being filed subsequent to the motion as reply affidavits.

Moreover, the clear purpose of Rule 6(d) is to prevent unfair surprise by eleventh hour filings. *Orsi v. Kirkwood*, 999 F.2d 86 (4th Cir.1993). That is, a party may not file a motion unsupported by any evidence only to spring the evidence on the opposing party on a later date. Instead, Rule 6(d) requires the supporting affidavits be filed simultaneously with the motion it supports,[1] affording the opposing party an opportunity to address the motion fully and squarely on its merits. To strike the Defendant's reply affidavits would conflict with Rule 6(d)'s ultimate objective of resolving this motion on its merits.

Therefore, because striking the Defendant's reply affidavit would be contrary to both the letter and spirit of Rule 6(b), the Plaintiff's motion to strike must be denied.

### *Subject Matter Jurisdiction*

The Defendant claims in its Rule 12(b)(1) motion that the Court must dismiss this case for want of subject matter jurisdiction. The Court, however, finds that the question of subject matter jurisdiction must be determined simultaneously with the merits of the case.

The Defendant claims that the Plaintiff—a shareholder in the Defendant professional

---

1. Although not expressly required by Rule 6(d), and not properly an issue in this case, the Court notes that any affidavit supporting a reply must be filed simultaneously with the reply in the same manner that an affidavit supporting a motion must be filed simultaneously with the motion.

corporation—was equivalent to a partner for Title VII purposes. Therefore, argues the Defendant, the Plaintiff was not an employee of the Defendant as alleged in the complaint, and the Court lacks subject matter jurisdiction over this case. However, the Defendant directs the Court to no controlling Fourth Circuit case that holds a district court may dismiss an action for want of subject matter jurisdiction where the plaintiff is not an employee. Although the Defendant does cite to some cases where a court dismissed an action pursuant to Rule 12(b)(1)[2], these cases are inapplicable to the case at bar. The issue in all but one[3] of these cases was whether the defendant had the required number of employees to be an "employer" subject to Title VII.[4] In the case at bar, the issue is whether the Plaintiff is an employee who could have been discriminated against in the terms and conditions of employment—an issue wholly distinct from whether a defendant employer is subject to Title VII.

The Court finds *Adams v. Bain*, 697 F.2d 1213 (4th Cir.1982), controlling. In *Bain* the Fourth Circuit articulated a framework within which the district courts could consider Rule 12(b)(1) motions. Although lengthy, it is worth quoting in full.

> There are two critically different ways in which to present a motion to dismiss for lack of subject matter jurisdiction. First it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. Second, it may be contended that the jurisdictional allegations of the complaint were not true. A trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations. This was the subject matter jurisdictional attack made in the case *sub judice*.
>
> In judging this evidentiary attack, the trial court necessarily assumes a different role than in a proceeding to resolve a 12(b)(1) motion based on contentions that the complaint was jurisdictionally deficient on its face. The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction. A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment. Unlike the procedure in a 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction. This does not usually present a serious problem except in those cases where the jurisdictional facts are intertwined with the facts central to the merits of the dispute. It is the better view that in such cases the entire factual dispute is appropriately resolved only by a proceeding on the merits.

*Id.* at 1219 (internal citations and footnote omitted). The Supreme Court has likewise recognized the rule that where jurisdictional facts are intertwined with the facts central to the merits, the factual dispute should be resolved in a proceeding on the merits.[5] *Bell*

---

2. The Defendant cites on page 26–27 of its supporting memorandum to *Burke v. Friedman*, 556 F.2d 867 (7th Cir.1977); *Rogers v. Sugar Tree Products, Inc.*, 824 F.Supp. 755 (N.D.Ill.1992) (*aff'd*, 7 F.3d 577 (7th Cir.1993)); *Norman v. Levy*, 767 F.Supp. 1441 (N.D.Ill.1991); *Holland v. Ernst & Whinney*, 44 Fair Empl. Prac. Cas. (BNA) 474, 1984 WL 1069 (1984); *Bonomo v. National Duckpin Bowling Congress, Inc.*, 469 F.Supp. 467 (D.Md.1979).

3. In *Holland* the plaintiff admitted in his complaint that he was a partner of the defendant—not an employee. Accordingly, the court dismissed for failure to state a claim.

4. Title VII prohibits unlawful employment practices by, *inter alia*, "employers." 42 U.S.C. § 2000e–2. An "employer" is defined as "... a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year,...." 42 U.S.C. § 2000e.

5. In recognizing this rule, the Supreme Court also recognized the "previously carved out exceptions ... that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely

**44**

*v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

In the case at bar, the Defendant does not assert that the complaint is jurisdictionally deficient on its face, but rather disputes the truth of the Plaintiff's claim that she was an employee. The Court declines to resolve this dispute on a 12(b)(1) motion. Whether the Plaintiff was an employee is "intertwined with the facts central to the merits of the dispute" because employment is an element of the Plaintiff's case. That is, because the Plaintiff is suing under Title VII, she must show not simply that she was discriminated against, but that she was discriminated against with respect to a term or condition of employment.[6] Accordingly, this dispute should be decided in a proceeding on the merits—not on a challenge to the Court's subject matter jurisdiction. *Bain,* 697 F.2d at 1219. The Court will deny the Defendant's Rule 12(b)(1) motion without determining the Plaintiff's employment status.

**NOW, THEREFORE, IT IS ORDERED** that the Plaintiff's "Motion To Strike, Alternative Motion For Leave To File Surreply Memorandum And Affidavits" [Document # 20] be, and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that the Defendant's "Motion To Dismiss For Lack Of Subject Matter Jurisdiction" [Document # 5] be, and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that the Plaintiff's motion for discovery [Document # 20–3] be, and hereby is, **DENIED as moot.**

---

for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* 327 U.S. 678 at 682–83, 66 S.Ct. 773 at 776, 90 L.Ed. 939. These exceptions, however, do not apply to the case at bar.

**6.** Title VII states that "it shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex, ...." 42 U.S.C. § 2000e–2(a)(1). Thus, the Plaintiff must show disparate treatment in an employment relationship.