Gail S. BRYANT, Plaintiff,

v.

CLEVELANDS, INC., t/a Cleveland's Amoco and C & E Diamond Springs Amoco, Defendant.

No. 2:99CV2135.

United States District Court, E.D. Virginia, Norfolk Division.

June 27, 2000.

Andrew M. Hendrick, Gregory A. Giordano, Shuttleworth, Ruloff, Giordano & Swain, Virginia Beach, VA, for Plaintiff.

Jeffery L. Nuckolls, Basnight, Kinser, Telfeyan & Leftwich, Chesapeake, VA, for Defendant.

## MEMORANDUM OPINION AND ORDER

SMITH, District Judge.

This matter comes before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively. For the reasons outlined below, defendant's motion to dismiss for lack of subject matter jurisdiction is **DENIED.** Moreover, as set forth below, the court will consider the merits of plaintiff's motion to dismiss for failure to state a claim as a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## I. *Factual and Procedural History*

Plaintiff, Gail S. Bryant, is a resident of Suffolk, Virginia. Defendant Cleveland's Inc., t/a Cleveland's Amoco and C & E Diamond Springs ("Cleveland's"), is a Virginia corporation doing business at 5765 Northampton Boulevard, Virginia Beach, Virginia. Plaintiff's complaint alleges a cause of action for retaliation in connection with sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). In the complaint, plaintiff alleges that a co-worker, Eric Tillman, initiated a pattern of sexual harassment against her, including unwanted kissing, touching plaintiff's breasts, and placing his hand between her legs. Plaintiff claims that she reported Tillman's conduct to her superiors, Becky Cleveland and Dan Edwards, and that despite the reports, no corrective action was taken. Plaintiff also claims she was terminated by her employer in retaliation for making the report. The Equal Employment Opportunity Commission ("EEOC") issued right to sue letters on September 30, 1999, and December 28, 1999. Plaintiff timely filed her complaint on December 29, 1999.[1]

In the complaint, plaintiff alleges that "at all relevant times, defendant was her 'employer' as defined by Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b)." (Compl.¶ 3). Defendant challenges the truth of this allegation and its supporting facts, and maintains that at all times relevant to this dispute, plaintiff was employed by Providence Petrol, Inc., a separate, independent corporation.

Defendant argues that: (1) this court does not have subject matter jurisdiction pursuant to Rule 12(b)(1) because defendant is not plaintiff's employer within the meaning of Title VII; and (2) plaintiff has failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), based on the same

reasoning. Plaintiff responded to defendant's motions to dismiss and argued that subject matter jurisdiction was proper. Plaintiff maintains that, although there may not be a direct employment relationship between the two, employer status can be established under Title VII based on the fact that: (1) defendant was a "joint employer" with Providence Petrol; and (2) defendant was an "integrated employer" with Providence Petrol. Furthermore, plaintiff argues that since defendant represented itself as plaintiff's employer throughout the administrative proceedings before the EEOC, defendant is barred by the doctrine of judicial estoppel from now denying that plaintiff was its employee. Plaintiff also submitted a motion for discovery for the limited purpose of supplementing the record on the issue of defendant's employer status in connection with the motion to dismiss for lack of subject matter jurisdiction. Defendant filed a reply brief, rebutting plaintiff's arguments and opposing the motion for discovery.

The instant matter came before the court for a hearing on March 23, 2000. During the hearing, the court heard argument from both parties, and defendant presented evidence by way of exhibits and witnesses to the court in support of its motion. At the conclusion of the hearing, the court granted plaintiff's motion for limited discovery on the relationships of the entities at issue. The time for discovery has expired, and both parties have submitted supplemental briefs in connection with the instant motions.[2] Accordingly, the matter is ripe for review.

## II. *Discussion*

### A. *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

As the party alleging jurisdiction, plaintiff bears the burden of proving that federal subject matter jurisdiction is proper. Plaintiff continues to shoulder this burden where a defendant objects to a federal district court's

---

**1.** Title VII provides that a complainant must bring a civil action within 90 days after having received a right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1)(1994).

**2.** The court notes that both parties, in their supplemental briefs, addressed the question regarding whether parties may be added to a complaint

seeking recovery pursuant to Title VII, if such parties were not named in a charge letter before the Equal Employment Opportunities Commission ("EEOC"). However, to date, the court has received no amended complaint, nor a motion to amend the complaint to add additional parties.

assertion of jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982); *Materson v. Stokes*, 166 F.R.D. 368, 370–71 (E.D.Va.1996). As a general rule, a district court's first duty is to determine whether it enjoys subject matter jurisdiction, because that implicates the court's "very power to hear the case." *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting simply that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219; *see Materson*, 166 F.R.D. at 371. Under this approach, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams*, 697 F.2d at 1219. Secondly, a party may challenge the truth of the jurisdictional allegations in a complaint. *See id.* In a challenge to the underlying allegations of the complaint, the court may consider evidence outside of the complaint to determine whether sufficient facts support the jurisdictional allegations by way of "affidavit, depositions or live testimony." *Id.* Unlike the procedure in a 12(b)(6) motion, where there is "a presumption reserving the truth finding role to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." *Id.; see Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir.1986). In the case at bar, defendant does not argue that plaintiff has failed to adequately allege subject matter jurisdiction; instead, defendant argues that the jurisdictional allegations pled by the plaintiff in her complaint are untrue and has offered evidence outside the pleadings to this effect.

Although generally the court would have the authority to proceed to weigh the conflicting evidence and determine whether it has subject matter jurisdiction over the instant dispute, the argument against premature dismissal on 12(b)(1) grounds is particularly strong, and the standard for dismissal particularly strict, when the basis of jurisdiction is also an element of plaintiff's cause of action on the merits. *See Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Adams*, 697 F.2d at 1219; *Equal Employment Opportunity Commission v. Alford*, 142 F.R.D. 283, 289 (E.D.Va.1992). The Fifth Circuit has explained this standard:

> Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. The Supreme Court has made it clear that in that situation no purpose is served by indirectly arguing the merits in the context of federal jurisdiction. Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits.... Therefore, as a general rule, a claim cannot be dismissed to lack of subject matter jurisdiction because of the absence of a federal cause of action.

*Williamson v. Tucker*, 645 F.2d 404, 415–16 (5th Cir.)(footnote omitted), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

■ The Fourth Circuit recognizes this standard and, in doing so, follows the rule that where the jurisdictional facts are intertwined with facts central to the merits of a dispute, "the proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *United States v. North Carolina*, 180 F.3d 574 (4th Cir.1999)(Rule 12(b)(1) motion is not proper vehicle to resolve jurisdictional issue in Title VII case where the merits and jurisdictional questions are closely related); *see McGinnis v. Southeast Anesthesia Associates, P.A.*, 161 F.R.D. 41, 44 (W.D.N.C. 1995)(same); *Alford*, 142 F.R.D. at 289 (same); *see also Richmond, Fredericksburg*

& P.R.R. v. United States, 945 F.2d 765, 768 (4th Cir.1991), cert. denied, 503 U.S. 984, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992)(same, but cause of action brought pursuant to the "Quiet Title Act," 28 U.S.C. § 2409a); Adams, 697 F.2d at 1219 (same, but cause of action brought pursuant to 42 U.S.C. § 1983).

■ In this case, Title VII provides both the cause of action and the basis for this court's jurisdiction. See McGinnis, 161 F.R.D. at 44; Alford, 142 F.R.D. at 289. Jurisdiction depends on the applicability of the statutorily defined, and judicially construed, term "employer." See McGinnis, 161 F.R.D. at 44; Alford, 142 F.R.D. at 289. Moreover, the threshold substantive dispute between the parties is whether defendant is an employer having a duty to plaintiff to comply with Title VII. See McGinnis, 161 F.R.D. at 44 (whether plaintiff is an employee in a Title VII case is intertwined with the facts central to the merits of the dispute); Alford, 142 F.R.D. at 289. Because the court's determination of whether it has jurisdiction hinges upon whether defendant is an "employer" under the statute, the jurisdictional determination effectively decides a threshold substantive dispute between the parties. Accordingly, a 12(b)(1) motion is not the appropriate vehicle to resolve the jurisdictional factual dispute between the parties. Defendant's motion to dismiss for lack of subject matter jurisdiction is **DENIED.**

### B. Motion to Dismiss For Failure to State a Claim

Defendant also filed a motion pursuant to 12(b)(6) for failure to state claim upon which relief can be granted on the same basis as its 12(b)(1) motion—that defendant was not plaintiff's "employer" within the meaning of Title VII. However, in ruling on a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, the court must accept the factual allegations in the plaintiff's complaint as true. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Lane v. David P. Jacobson & Co., 880 F.Supp. 1091, 1095 (E.D.Va.1995). A Rule 12(b)(6) motion

should be granted only "if it appears beyond doubt that the plaintiff can·prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint must be liberally construed in favor of the plaintiff, even if it appears that "recovery is remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Indeed, a court may consider only the allegations in the pleadings, disregarding affidavits or other materials. See id.; Jacobson & Co., 880 F.Supp. at 1095 (citing Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir.1985), cert. denied, 474 U.S. 1054, 106 S.Ct. 789, 88 L.Ed.2d 767 (1986)). If "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(c).

■ It is clear that defendant does not, in fact, challenge plaintiff's allegations on the face of her complaint. Indeed, all parties have submitted records outside of the pleadings to be considered in connection with the motions at bar. Accordingly, the court finds that it is ·improper to consider the merits of this motion as a motion to dismiss. Instead, this court will convert defendant's 12(b)(6) motion into a motion for summary judgment on the issue of whether defendant was plaintiff's employer. Although, arguably, all parties, having submitted matters outside of the pleadings, have had notice that the court might treat the pending motion as one ·for summary judgment, in an abundance of caution, the court gives written notice that it will proceed on the merits of the issue presented pursuant to Federal· Rule of Civil Procedure 56. See Fed.R.Civ.P. 12(b)(6) and (c). Accordingly, each party may submit a supplemental brief or evidence to the court on this issue on or before July 5, 2000.

### III. Conclusion

For the reasons set forth above, the court **DENIES** defendant's motion to dismiss for lack of subject matter jurisdiction. Furthermore, the court gives notice that it will convert the pending motion to dismiss for failure

to state a claim pursuant to Rule 12(b)(6), to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Each party has until July 5, 2000, in which to make any supplemental submission on summary judgment.

The Clerk is **DIRECTED** to send a copy of this order to counsel for plaintiff and defendant.

IT IS SO ORDERED.

