Chrystal **LAMBETH**, Plaintiff,

v.

**CAROLINA PERSONNEL COMPANY, INC.; Gerald Modlinski; and Industrial Staffing Services of North Carolina, Inc., Defendants.**

No. CIV.1:03CV00224.

United States District Court, M.D. North Carolina.

Jan. 25, 2005.

Mark Floyd Reynolds, II, High Point, NC, for Plaintiff.

Alison Raney Bost, Womble Carlyle Sandridge & Rice, Winston–Salem, NC, Charles A. Edwards, Chaton Turner Williams, Womble Carlyle Sandridge & Rice, Raleigh, NC, for Defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Chrystal Lambeth ("Plaintiff") brought this action asserting claims under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and under state law against Industrial Staffing Services of North Carolina, Inc. ("ISS"), Carolina Personnel Company, Inc. ("CPP"), and Gerald Modlinski ("Modlinski") (collectively "Defendants"). Before the court is

Defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, Defendants' motion will be denied.

Title VII provides, in relevant part, that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to [that individual's] ... terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e–2(a). The statute defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a person." *Id.* § 2000e(b).

■ When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the complaint fails to state facts upon which jurisdiction can be founded, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). Unlike with a Rule 12(b)(6) motion, however, the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area Auth.,* 320 F.Supp.2d 378, 388 (M.D.N.C.2004) (citing *Richmond, Fredericksburg & Potomac R.R. v. United States,* 945 F.2d 765, 768 (4th Cir.1991)). When the jurisdictional facts are intertwined with facts central to the merits of a case, " ' "[t]he proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." ' " *United States v. North Carolina,* 180 F.3d 574, 580 (4th Cir.1999) (quoting *Garcia v. Copenhaver, Bell & Assocs.,* 104 F.3d 1256,

1261 (11th Cir.1997) (quoting *Williamson v. Tucker,* 645 F.2d 404, 415 (5th Cir. 1981))) (Rule 12(b)(1) motion is not a proper vehicle to resolve jurisdictional issue in Title VII case where the merits and jurisdictional questions are closely related); *Bryant v. Clevelands, Inc.,* 193 F.R.D. 486, 488–89 (E.D.Va.2000) (same); *McGinnis v. Southeast Anesthesia Assocs., P.A.,* 161 F.R.D. 41, 44 (W.D.N.C.1995) (same).

■ A motion to dismiss for failure to state a claim upon which relief may be granted made pursuant to Federal Rule of Civil Procedure 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Alston v. North Carolina A & T State Univ.,* 304 F.Supp.2d 774, 778 (M.D.N.C. 2004). In considering a motion to dismiss, the court accepts as true all well-pleaded allegations and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint and not the facts that support it. *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). Accordingly, the court does not consider evidence outside the pleadings in deciding a Rule 12(b)(6) motion. *See Medlock v. Rumsfeld,* 336 F.Supp.2d 452, 461 (D.Md.2002) ("unlike with a Rule 12(b)(6) motion, the court may consider exhibits outside the plead-

ings in ruling on a motion [to dismiss] pursuant to Rule 12(b)(1) without converting the motion to one for summary judgment").

 Defendants argue that this court should dismiss Plaintiff's Title VII action because neither ISS nor CPP nor Modlinski meet the Title VII definition of "employer." Defendants contend that neither ISS nor CPP nor Modlinski employ the minimum number of workers to assert a claim. Defendants further argue that Modlinski is not subject to Title VII liability because he was simply Plaintiff's supervisor, not Plaintiff's employer. Defendants accordingly reason that this court should dismiss Plaintiff's Title VII cause of action because this court lacks jurisdiction and, alternatively, Plaintiff fails to state a claim as a result of the alleged deficiencies. Plaintiff argues and forecasts evidence that ISS, CPP, and Modlinski all meet the Title VII definition of "employer." The evidence presented by both parties suggests that a material fact exists regarding the number of employees working for ISS and CPP and regarding Modlinski's status in relation to ISS and CPP, thus granting Defendants' motion to dismiss on the ground that this court lacks subject matter jurisdiction or that Plaintiff failed to state a claim would be improper at this stage.

Defendants also argue that Plaintiff's complaint should be dismissed for failing to meet the pleading requirements of Rule 8 and for failing to state a claim for sexual harassment, retaliation, and constructive discharge under Title VII. Although perhaps not concisely or thoroughly developed, Plaintiff sufficiently alleges and forecasts evidence supporting her claim to withstand Defendants' motion to dismiss on these stated grounds. Accordingly, this court will deny Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, the court will deny Defendants' motion to dismiss Plaintiff's complaint.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

## ORDER

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendants' motion to dismiss [Doc. # 23] is **DENIED**.