Robert MATERSON, Plaintiff,

v.

Katherine E. STOKES, Area Director, EEOC Norfolk Area Office & Bob Siezer, EEO Coordinator, Commonwealth of Virginia, Corrections Department, Defendants.

Civil Action No. 2:95cv985.

United States District Court, E.D. Virginia, Norfolk Division.

April 5, 1996.

Robert Materson, Drewryville, VA, pro se.

Michael Anson Rhine, United States Attorney's Office, Norfolk, VA, Thomas J. Schlageter, Ellen J. Vargyas, Richard E. Dunlop, Equal Employment Opportunity Commission, Washington, DC, Neil Anthony McPhie, Ronald Nicholas Regnery, James Stuart Gilmore, III, Catherine Currin Hammond, Office of Attorney General, Richmond, VA, for defendants.

## MEMORANDUM OPINION AND ORDER

MORGAN, District Judge.

Plaintiff Materson ("Materson") filed this *pro se* claim on October 4, 1995, claiming damages from the Equal Employment Opportunity Commission's ("EEOC") failure to investigate the charge he filed with that office against his former employer, the Virginia Department of Corrections. Although he maintains that he was given a "Notice of Suit Rights"—which the Court assumes is a right-to-sue letter—on July 5, 1995, he avers that his complaints filed with the Office of Equal Employment Services and the EEOC claiming "race and sex discrimination," "gender discrimination," and "anti-white and anti-heterosexual bias" were not investigated. (*See* Charge of Discrimination; Complaint at 1.) It appears that Materson urges a different liability theory in his Response to Defendant's Motion to Dismiss, in that he alleges "Plaintiff has been victimized by federal

agency Defendants who engaged in a pattern or practice or resistance to the goals of Title VII." (Response at 1.)

Plaintiff brings this suit *pro se* and he seeks relief under Title VII of the Civil Rights Act of 1964, specifically, §§ 707(b), 717, as amended, 42 U.S.C. § 2000e *et seq.* This matter comes before the Court on Defendant Bob Siezer ("Siezer") and Defendant Katherine E. Stokes' ("Stokes") Motions to Dismiss filed December 4, and December 12, 1995, respectfully. Plaintiff was provided with the requisite "Roseboro Notices" from each Defendant on December 12 and 13, 1995, and he responded to each motion separately on December 19 and 26, 1995.

For the following reasons, the Court GRANTS Defendants' Motions to Dismiss.

### ANALYSIS

Both Defendants Siezer and Stokes have moved to dismiss this complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). As grounds therefor, they initially allege that this Court lacks jurisdiction under Title VII to hear this case; they allege secondarily that Materson's complaint fails to state a claim upon which relief may be granted. Materson's responses to these motions appear to contain new allegations of discrimination against the Defendants not contained in his complaint. However, under Federal Rules of Civil Procedure 15(a), Materson would have had to request leave of the Court to amend the bases for his complaint—he cannot simply include additional claims at the responsive pleadings stage.[1] Thus, the Court will proceed according to the claims as laid out in his complaint.

### A. Jurisdiction

Plaintiff Materson carries the burden of proving that federal subject matter jurisdiction is proper. As the party asserting jurisdiction, he continues to shoulder this burden where Defendants object to a federal district court's assertion of jurisdiction. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed.

---

1. "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, ... [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party...." Fed.R.Civ.P. 15(a).

1135 (1936); *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982).

■ A motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure may attack subject matter jurisdiction in two different ways. First, a Rule [2] 12(b)(1) motion may attack the complaint on its face, asserting simply that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Adams,* 697 F.2d at 1219. Under this approach, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* Materson alleges no facts upon which subject matter jurisdiction could be conferred to this Court under Title VII of the Civil Rights Act of 1964, as he asserts. His bare statements that the "Equal Employment Opportunity Commission's choice to not perform by Title VII law, ... initiates this suit" and that the "EEOC timeliness definition is a mentally deficient definition, and would be made contrary to law" are insufficient to establish that this Court has jurisdiction under Title VII.

■ Utilizing the alternate Rule 12(b)(1) approach, movants may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977); *see Adams,* 697 F.2d at 1219. In this case, Materson alleges federal jurisdiction under Title VII, §§ 707(b) and 717. This Court has limited jurisdiction under Title VII, and it cannot hear a case which is beyond the purview of that Act. Materson's claims do not come within Title VII's confines, as he merely claims in his complaint that the EEOC failed to investigate his complaints to that agency regarding his employer's actions. Title VII does not provide a right to a general remedy against the EEOC [3], *Ward v. Equal Employment Opportunity Commission,* 719 F.2d 311, 313 (9th Cir.1983), *cert. denied,* 466 U.S. 953, 104

S.Ct. 2159, 80 L.Ed.2d 544 (1984), and neither the EEOC nor the individual named Defendants were employers of Materson at any time. Thus, the remedies provided under §§ 706 and 717, 42 U.S.C. §§ 2000e–5, 2000e–6, are unavailable to Plaintiff according to his claims. These sections grant remedies for aggrieved individuals who bring claims in the employment context. Plaintiff's complaint is one step removed, as he sues individuals he alleges failed to investigate these Title VII type claims. The facts in his later pleadings are unrelated to the allegations set forth in his complaint.

■ Because the Court's "very power to hear the case", *Mortensen,* 549 F.2d at 891, is at issue in such a 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. *Adams,* 697 F.2d at 1219; *Mortensen,* 549 F.2d at 891. "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen,* 549 F.2d at 891. No facts have been submitted by any party which would be relevant to the complaint; as the Court previously noted, Plaintiff failed to allege any facts and Defendants' arguments hinge on legal issues alone.

■ As a preliminary matter, the Court FINDS that Plaintiff has failed to support his claim for jurisdiction under Title VII under Rule 12(b)(1), however, as he is a *pro se* petitioner, it will retain jurisdiction to examine the pleadings for alternative bases of jurisdiction and for sufficiency of the claim under Rule 12(b)(6).

### B. Failure to State a Claim

■ Materson's 12(b)(6) motion requires the Court to accept the factual allegations in his complaint and construe them in the light most favorable to him as the nonmoving party. *E.g., Mylan Laboratories,*

---

**2.** "Rule" refers to the Federal Rules of Civil Procedure throughout the text of this opinion.

**3.** Plaintiff makes no allegations against Defendant Katherine E. Stokes in her individual capacity, and did not name her in his EEOC complaint. Therefore, the Court presumes that Plaintiff intended to name her in her official capacity as the Director of the Norfolk Area Office of the EEOC, and hence, that his complaint is effectively against the EEOC itself.

*Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994). The claim should not be dismissed for failure to state a claim unless it appears to a certainty that Plaintiff can prove no set of facts in support of the claims which would entitle him to relief. *Id.; see Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A court should not dismiss a complaint even if it appears on the face of the pleadings that the chance of "recovery is remote and unlikely." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974). In ruling on a 12(b)(6) motion, the Court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery County Police Officers,* 762 F.2d 30, 31 (4th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 789, 88 L.Ed.2d 767 (1986). In this case however, Materson attached no exhibits or documents, and his pleadings offer only meager and muddled details as to his allegations.

 Materson files this motion as a *pro se* petitioner, thus, the Court is obliged to construe his pleadings liberally and search for any "set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, in this case Plaintiff has failed to set forth any clear claim—he alleges no facts and has submitted no supporting documents which would defend his complaint against these motions to dismiss. The Court cannot find a claim under Title VII contained in his complaint, although he cites the statute as the basis for his claim. His later responsive pleadings appear to indicate that he may be proffering a new liability theory under Title VII. However, under Federal Rules of Civil Procedure 15(a), Materson would have had to request leave of the Court to amend the bases for his complaint. Even taking into consideration his new allegations of discrimination under Title VII, the Court cannot find that these claims are bolstered by any supporting evidence, even recognizing the Court's obligation to grant a *pro se* plaintiff the benefit of liberal interpretations of his pleadings.

As the Court has preliminarily found Plaintiff proffers no facts on which to base his claim, the Court cannot construe any facts in his favor. The Court **FINDS** therefore, that Materson has failed to state a claim under which relief could be granted and accordingly **GRANTS** Defendants' Motions to Dismiss this suit without prejudice under Federal Rules of Civil Procedure 12(b)(6). The Court need not examine Defendants' other grounds for their motions as those issues are mooted by Materson's failure to state a claim.

IT IS SO **ORDERED.**