**Donald R. TERRY, Plaintiff,**

v.

**DIRECTOR, COMPLAINT ADJUDICATION DIVISION, UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, OFFICE OF FEDERAL OPERATIONS, Defendant.**

No. 2:98CV222.

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 25, 1998.

Donald R. Terry, Virginia Beach, VA, pro se.

Michael A. Rhine, Asst. U.S. Atty., Norfolk, VA, for Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

SMITH, District Judge.

This matter comes before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a cause of action. For the reasons set forth below, defendant's motion to dismiss is **GRANTED.**

### I. Factual and Procedural History

On February 25, 1998, plaintiff, Donald R. Terry, filed this *pro se* action against defendant, the Director, Complaint Adjudication Division, United States Equal Employment Opportunity Commission ("EEOC"), alleging that his former employer, the Department of the Navy ("Navy"), discriminated against him and that the EEOC failed to adequately investigate his claims. Plaintiff's suit seeks injunctive relief requiring the EEOC to investigate and review the Navy's processing of his claims. In addition, plaintiff wants the EEOC to take action to resolve "his complaint informally or by litigation on his behalf against the Navy." Plaintiff ultimately seeks from the Navy a lump sum payment of $26,749.00 for his retirement contribution, payment of legal fees, and payment of unspecified damages for the injustice, pain, and suffering he has endured in trying to resolve his discrimination and benefit claim against the Navy.

On May 4, 1998, defendant filed a motion to dismiss, a supporting memorandum, and a *Roseboro* notice pursuant to Local Rule 7(J). According to defendant, the EEOC has acted appropriately with respect to plaintiff's concerns. Moreover, defendant maintains that plaintiff's claims are not properly before this court because (1) the court lacks subject matter jurisdiction over the action, and (2) the complaint fails to state a claim upon which relief can be granted. Accordingly, defendant argues that the complaint should

be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

On July 7, 1998, plaintiff filed a response to defendant's motion to dismiss. In the response, plaintiff did not directly respond to defendant's arguments for dismissal, but attached a number of exhibits in support of his claim. In addition, plaintiff's response requested a continuance and leave to amend his complaint in order to add the Secretary of the Navy as a defendant. By order dated July 23, 1998, the court denied plaintiff's motion for a continuance and granted plaintiff leave to amend his complaint in accordance with Rule 15(a) of the Federal Rules of Civil Procedure. On August 26, 1998, plaintiff informed the court that he did not intend to amend his complaint. Consequently, this matter is ripe for determination.

## II. Analysis

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction may attack the complaint on its face, in that the complaint fails to allege facts upon which the court can base jurisdiction, or it may attack the truth of the underlying jurisdictional allegations contained in the complaint. *Lane v. David P. Jacobson & Co.*, 880 F.Supp. 1091, 1094 (E.D.Va.1995). When determining whether sufficient facts support the underlying jurisdictional allegations in the complaint, the court may consider evidence outside of the complaint, including affidavits, depositions, or live testimony. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982)). In addition, a court asked to dismiss for lack of jurisdiction may resolve factual questions to determine the proper disposition of the motion. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir.1986).

When deciding whether to grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the factual allegations in the plaintiff's complaint must be accepted as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A Rule 12(b)(6) motion should only be granted "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When ruling on a Rule 12(b)(6) motion, a court should only consider the allegations in the pleadings, disregarding affidavits or other materials. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). If "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b).

### A. Subject Matter Jurisdiction

Defendant first argues that this court does not have subject matter jurisdiction over claims against the EEOC under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), or any other federal statute, when such a claim is brought by a person alleging discrimination against a third-party. Defendant also properly points out that the burden of proving jurisdiction is on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). Although correctly stating the law, defendant misapprehends the nature of the jurisdictional claim in this case.

Plaintiff's complaint does not purport to base jurisdiction on either Title VII or the ADEA. In fact, plaintiff's complaint does not allege any jurisdictional basis for his suit against the EEOC. The Fourth Circuit, however, has long held that district courts are to treat *pro se* civil rights plaintiffs with heightened solicitude, such that technical pleading requirements will not prevent the plaintiff's claim from being considered. *See, e.g., Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In so construing plaintiff's complaint, it is clear that plaintiff is not pursuing a Title VII or ADEA claim *against* the EEOC. Instead, plaintiff is plainly seeking judicial review of the EEOC's alleged failure to properly act on his behalf on his claim against the Navy. Thus, defendant's discussion of juris-

dictional bases under Title VII and the ADEA is inapplicable to the case at bar.

■ As a general matter, the federal government may not be sued without its consent. *United States v. Lee*, 106 U.S. 196, 205, 1 S.Ct. 240, 27 L.Ed. 171 (1882). Congress, however, has specifically authorized judicial review of agency actions under the Administrative Procedure Act ("APA"). 5 U.S.C.A. § 702 (West 1996).[1] In this case, plaintiff is alleging that the EEOC did not adequately investigate and act on charges that he filed with the EEOC against the Navy. Plaintiff does not seek money damages directly from the EEOC,[2] but only wants the EEOC to intercede on his behalf on his claim for money damages and other relief against the Navy.

■ Accordingly, the court finds that it does have subject matter jurisdiction over this case under 28 U.S.C. § 1331 (1994), *Chrysler Corp. v. Brown*, 441 U.S. 281, 317 n. 47, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979) ("Jurisdiction to review agency action under the APA is found in 28 U.S.C. § 1331."), and now proceeds to the resolution of defendant's 12(b)(6) motion.

### B. Failure to State a Claim

Defendant makes two arguments for dismissing plaintiff's suit for failure to state a claim. First, defendant argues that neither Title VII, nor the ADEA, provide an express or implied right of action against the EEOC, unless the claim is brought by an EEOC employee for discrimination by the EEOC. As indicated above, plaintiff is not bringing a discrimination complaint against the EEOC, but, rather, is seeking review of EEOC actions in regard to a discrimination charge filed against a third-party. Defendant next argues that plaintiff does not have a cause of action against the EEOC based on its handling of an investigation because Congress provided an adequate judicial remedy for dealing with such complaints.

The APA provides that judicial review is only available for "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Courts have uniformly held that no cause of action exists with respect to the EEOC's handling of discrimination claims because Congress has given plaintiffs a right to file a *de novo* lawsuit against the allegedly discriminating employer. *Smith v. Casellas*, 119 F.3d 33 (D.C.Cir. 1997); *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 4 (2d Cir.1997); *Scheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir.1991); *Ward v. EEOC*, 719 F.2d 311, 312–14 (9th Cir.1983); *Stewart v. EEOC*, 611 F.2d 679, 683–84 (7th Cir.1979) (Hoffman, J., sitting by designation); *Francis–Sobel v. University of Maine*, 597 F.2d 15, 17–18 (1st Cir.1979); *Gibson v. Missouri Pac. R.R. Co.*, 579 F.2d 890, 891 (5th Cir.1978); *Feldstein v. EEOC*, 547 F.Supp. 97, 100 (D.Mass.1982); *Hall v. EEOC*, 456 F.Supp. 695, 701 (N.D.Cal.1978).

■ In the instant case, plaintiff's only recourse for the EEOC's allegedly inadequate investigation and handling of his claim was to file suit directly against his employer.

---

1. 5 U.S.C. § 702 states that:
   A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief *other than money damages* and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed ... on the ground that it is against the United States or that the United States is an indispensable party.
   (emphasis added).

2. As a result, although defendant is correct that any monetary claim against the EEOC would have to be dismissed because the EEOC has not consented to be sued and there is no congressional waiver of immunity applicable to such a claim, *see United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), such an argument is inapplicable in this case because there is no monetary claim directly against the EEOC. The decision of this court in *Materson v. Stokes*, 166 F.R.D. 368 (E.D.Va.1996), cited by defendant, is not to the contrary. In *Materson* the plaintiff sued the EEOC directly for damages. In this case, however, the plaintiff is not seeking damages from the EEOC. Instead, plaintiff seeks to recover damages from the Department of the Navy, and only wants this court to order the EEOC to assist him in such pursuit. Thus, sovereign immunity will not bar jurisdiction in this matter.

Plaintiff failed to amend his complaint, even when given leave to do so by this court. Because an adequate remedy existed in court, which plaintiff chose not to use, plaintiff's claim is not subject to judicial review under the APA. Accordingly, plaintiff's suit is DISMISSED for failing to state a claim upon which relief can be granted.

### III. Conclusion

For the reasons stated above, defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is hereby **GRANTED.**

Plaintiff is **ADVISED** that he may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this order.

It is so **ORDERED.**