**In re Bradford Scott KLAVAN, Debtors.**

**Tank Lines, Inc., d/b/a PAPCO, Plaintiff,**

**v.**

**Bradford Scott Klavan, Triple R Enterprises, Inc., Mid–Coast, Inc., Defendants.**

**Bankruptcy No. 02–70784–T. Adversary No. 02–7066–T.**

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

Dec. 17, 2002.

Paul K. Campsen, Norfolk, VA, for plaintiff.

Lawrence H. Glanzer, Portsmouth, VA, for Triple R Enterprises and Debtor.

R. Clinton Stackhouse, Jr., Norfolk, VA, for Mid–Coast Inc.

### MEMORANDUM OPINION AND ORDER

DOUGLAS O. TICE, JR., Chief Judge.

Hearing was held on October 18, 2002, on motions by Triple R Enterprises and Mid–Coast, Inc. to dismiss complaint for lack of subject matter jurisdiction and on motion by debtor defendant to dismiss complaint for failure to state a claim upon which relief may be granted. At the conclusion of hearing the court ruled that the motion to dismiss for failure to state a claim as to the fraud allegation under 11 U.S.C. § 523(a)(2)(A) would be denied and that the motion to dismiss as to the fraud allegation under 11 U.S.C. § 523(a)(4) would be granted. The prevailing parties were requested to submit appropriate orders.

The court took Triple R's motion to dismiss for lack of subject matter jurisdiction under advisement. For the reasons stated below, the court will grant the motion.

### Findings of Fact.

Debtor Bradford Scott Klavan is president, sole shareholder, and director of Triple R Enterprises, Inc.

Triple R is a Virginia corporation which formerly operated a Texaco gas station and convenience store at 4002 Granby Street, Norfolk, Virginia. Triple R remains a corporation but no longer holds any assets.

Mid–Coast, Inc., is a Virginia corporation engaged in the business of general construction.

Tank Lines, Inc., d/b/a PAPCO is a Virginia corporation engaged in the business

of supplying bulk petroleum products. It also assists owners of gas stations who purchase PAPCO's product by providing financing to enable them to purchase gasoline dispensing and related equipment as well as signage.

Triple R contracted with Mid–Coast to construct the Texaco gas station and convenience store on Granby Street. The construction was undertaken pursuant to two contracts, referred to by plaintiff as the "gas station contract" and the "convenience store contract." To complete construction, Triple R required additional financing and obtained a loan from Resource Bank. Debtor was guarantor of the construction loan.

PAPCO agreed to lend funds to Triple R to be used to purchase and install petroleum-dispensing equipment and brand identification signage and materials identified in the gas station contract. These terms were executed in a Product Sales Agreement between the parties.

Triple R made and executed two promissory notes to PAPCO for the total amount of the loans made by PAPCO to Triple R under the Product Sales Agreement. PAPCO is the holder of the notes. To secure payment of the notes, Triple R entered into a security agreement granting PAPCO a purchase money security interest on the equipment to be purchased with the proceeds of the loans from PAPCO. UCC financing statements were properly recorded. The security agreement includes a representation and warranty that PAPCO's security interest would be first in priority with respect to the specified collateral. However, Triple R had previously granted Resource Bank a lien on those same assets.

PAPCO contracted with Wachovia Leasing Corporation to restructure the transaction. Wachovia was to purchase the petroleum-dispensing and related equipment from Mid–Coast, making Wachovia the record owner of the items. Wachovia would then lease the equipment to PAPCO which would have it installed at the premises at which Triple R operated the gas station and convenience store.

Mid–Coast proceeded to construct the gas station/convenience store for Triple R in 1999 and early 2000. Mid–Coast invoiced Wachovia for the work incident to the gas station contract. Wachovia paid Mid–Coast the sum of $122,000.00, which was also the amount PAPCO agreed to lend to Triple R to purchase and install the equipment for the gas station. Triple R and debtor Klavan had already obtained funds from Resource to pay for the gas station equipment together with the construction loan draws to make progress payments to Mid–Coast.

Triple R ceased to do business, which triggered a default under the notes and PAPCO caused the notes to be accelerated.

### *PAPCO's Complaint.*

On May 20, 2002, plaintiff PAPCO filed a six count complaint against debtor, Triple R, and Mid–Coast. Counts I through IV alleged the following: breach of contract against Triple R; breach of guaranty against debtor; unjust enrichment/constructive trust against all defendants; and actual fraud or, in the alternative, constructive fraud against all defendants. Counts V and VI are the only allegations that directly fall under the Bankruptcy Code. Count V avers that debtor's debt to plaintiff was obtained by false pretenses or actual fraud and seeks to have the debt declared nondischargeable under 11 U.S.C. § 523(a)(2)(A). Count VI avers that this debt should be declared nondischargeable under 11 U.S.C. § 523(a)(4).

On the date plaintiff filed its complaint in this adversary proceeding, the principal balances due under the notes were $34,423.84 and $78,369.58, with interest accruing at a rate of 15% per year from June 19, 2001. The notes remain unpaid.

Plaintiff asserts jurisdiction in this court over all defendants under 28 U.S.C. § 1334(b). On June 20, 2002, defendant Triple R filed a motion to dismiss the adversary proceeding for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff filed a response opposing the motion on July 5, 2002.

### Discussion and Conclusions of Law.

Under 28 U.S.C. § 1334(b), the bankruptcy court may assert jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." In establishing whether the subject matter of "a civil proceeding is related to bankruptcy" a court must determine "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984). The burden of proving that the matter is related is on the party asserting jurisdiction. *See Materson v. Stokes,* 166 F.R.D. 368, 370 (E.D.Va. 1996). This test was adopted by the Supreme Court in *Celotex Corp. v. Edwards,* 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995), and also by the Fourth Circuit in a line of cases that includes *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1002 n. 11 (4th Cir.1986), *Owens–Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.),* 124 F.3d 619, 625 (4th Cir.1997), and *New Horizon of N.Y. v. Jacobs,* 231 F.3d 143, 150–151 (4th Cir.2000).

In *Pacor,* the Third Circuit stated "the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." 743 F.2d at 994. This holding does not create boundless jurisdiction under § 1334(b). The court noted that "the jurisdiction of the bankruptcy courts to hear cases related to bankruptcy is not without limit . . . ." *Id.* In fact, the mere presence of an identity of factual issues between a civil proceeding and a dispute in bankruptcy does not automatically grant jurisdiction to a bankruptcy court. *Id.; see also New Horizon,* 231 F.3d at 151. In order for subject matter jurisdiction to be found, "there must be some nexus between the 'related' civil proceeding and the title 11 case." *Pacor,* 743 F.2d at 994.

In the present case, the first four causes of action of plaintiff's complaint are all state law causes of action. Counts I through IV allege the following: breach of contract against Triple R; breach of guaranty against debtor; unjust enrichment/constructive trust against all defendants; and actual fraud or, in the alternative, constructive fraud against all defendants. Resolution of these matters in this court will have no impact on debtor's chapter 7 estate. At hearing, counsel for plaintiff stressed to the court the importance of hearing these matters together for the sake of judicial economy. However, in *Pacor* the Third Circuit stated that "[j]udicial economy itself does not justify federal jurisdiction." *Id.*

The claims against defendant Mid–Coast, Inc., are for unjust enrichment and fraud. Mid–Coast is an independent corporation hired by Triple R to perform the duties of a general contractor in the construction of the gas station and convenience store. It has no other connection to

this bankruptcy case. The outcome of these claims against Mid–Coast will have absolutely no effect on the administration of the bankruptcy estate or on debtor's rights.

Further, defendant Triple R is no longer a functioning corporation. In its filings with the court Triple R describes its current status as a "shell entity" that sold or lost all of its assets "at a foreclosure/secured party sale months ago." A judgment against this defunct corporation would have no conceivable effect on the bankruptcy estate.

The court has been unable to find any case law supporting the use of § 523 to assert claims against third parties in bankruptcy court in the face of a jurisdictional objection. In my opinion, this court does not have jurisdiction over Triple R or Mid–Coast in this case.

Accordingly,

**IT IS ORDERED**, that motions to dismiss by defendants Triple R Enterprises and Mid–Coast, Inc., for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Bankruptcy Procedure 7012(b) are **GRANTED**; plaintiff's complaint is **DISMISSED** as to Triple R and Mid–Coast;

**IT IS FURTHER ORDERED**, that, for the reasons stated by the court from the bench at hearing on October 18, 2002, the motion to dismiss by debtor Bradford Klavan for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b) as to count V of plaintiff's complaint, alleging nondischargeability of a debt under 11 U.S.C. § 523(a)(2)(A), is **DENIED**;

**IT IS FURTHER ORDERED**, that, for the reasons stated by the court from the bench at hearing on October 18, 2002, the motion to dismiss by debtor Bradford Klavan for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b) as to count VI of plaintiff's complaint, alleging nondischargeability of a debt under 11 U.S.C. § 523(a)(4), is **GRANTED**, and count VI is **DISMISSED**.