**Farzin A. ZAKERI, Plaintiff,**

v.

**James B. OLIVER, Jr., City Manager of Norfolk, John M. Keifer, Director of Public Works, Nancy N. Olivo, Human Resources, Kristen M. Lentz, Assistant Director, James E. Daman, Stormwater Engineer, Defendants.**

**No. 2:97cv1174.**

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 28, 1998.

**554**

Farzin A. Zakeri, Virginia Beach, VA, pro se.

Jacob Paul Stroman, IV, Office of the City Attorney, Norfolk, VA, for Defendants.

## OPINION

REBECCA BEACH SMITH, District Judge.

This matter is before the court on defendants' motion to dismiss or, in the alternative, for summary judgment. For the reasons stated below, insofar as defendants have been sued in their individual capacities, the motion to dismiss for failure to state a cause of action is hereby **GRANTED.** Insofar as the claims are brought against defendants in their official capacities as representatives of the City of Norfolk Public Works Department, the motion to dismiss is **DENIED.**

### I. Factual and Procedural History

On February 4, 1997, Farzin A. Zakeri, the *pro se* plaintiff in this action, was discharged from his employment with the City of Norfolk Public Works Department. The reasons given for Zakeri's dismissal were leaving

duty without permission, unauthorized use of city property or equipment, and intentional falsification of personnel records. Zakeri, however, claims that he was fired from his position as a Civil Engineer III in the City of Norfolk's Department of Public Works due to his race and national origin. On August 11, 1997, Zakeri filed a charge of discrimination against the "Norfolk City of Public Works Dept.," [1] claiming violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, and the Virginia Human Rights Act, Va. Code Ann. § 2.1–714 to –725. On September 26, 1997, the Equal Employment Opportunity Commission ("EEOC") dismissed Zakeri's charge and informed him of his right to file suit within ninety days of receiving the notice of dismissal.

Zakeri filed suit in this court on December 18, 1997, naming as defendant Harold P. Juren, Deputy City Attorney for the City of Norfolk. Juren subsequently filed a motion for summary judgment on February 17, 1998, claiming that he was not a proper party defendant. On February 24, 1998, the court received a letter from plaintiff in response to Juren's summary judgment motion. In the letter, plaintiff states that "[i]n my filed complaint anybody can easily understand that I am not suing Mr. Harold .... I am suing the whole City ...." This court treated plaintiff's letter as a motion to amend his complaint and granted plaintiff leave to do so by order dated April 17, 1998.

On April 27, 1998, Zakeri filed his amended complaint in which he named as defendants James Oliver, Norfolk City Manager; Nancy N. Olivo, Human Resources; John M. Keifer, Director of Public Works; Kristen Lentz, assistant director; and Jim Daman, Storm Water Engineer. Defendants were served by summons on July 27, 1998, and immediately responded with their motion to dismiss or, in the alternative, summary judgment. Plaintiff responded to defendants'

motion on July 31, 1998. Accordingly, defendants' motion is ripe for decision.

## II. Analysis

When deciding whether to grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the factual allegations in the plaintiff's complaint must be accepted as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A Rule 12(b)(6) motion should only be granted "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When ruling on a Rule 12(b)(6) motion, a court should only consider the allegations in the pleadings, disregarding affidavits or other materials. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). If "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b).

In addition, inquiries into subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) may be raised at any time either by the court *sua sponte* or by one of the parties. *See, e.g., Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *Plyler v. Moore*, 129 F.3d 728, 731 n. 6 (4th Cir.1997), *cert. denied sub nom. Moore v. Cummings*, —— U.S. ——, 118 S.Ct. 2359, 141 L.Ed.2d 727 (1998). A complaint may lack subject matter jurisdiction either on its face, in that the complaint fails to allege facts upon which the court can base jurisdiction, or because of the truth of the underlying jurisdictional allegations contained in the complaint. *Lane v. David P. Jacobson & Co.*, 880 F.Supp. 1091,

---

1. Although plaintiff's initial "Charge of Discrimination" indicated that it was directed to both the Virginia Commission on Human Rights ("VCHR") and the Equal Employment Opportunity Commission ("EEOC"), it appears that plaintiff's complaint was only handled by the EEOC. At the very top of the form, only the EEOC box was checked. In addition, there is a box located above the signature line that, if checked, indicates that complainant wants the charge filed with "both the EEOC and the State or local Agency." This box was not checked. The dismissal and notice of rights letter sent to plaintiff came from the EEOC. There is no indication that the EEOC ever referred this charge to the VCHR.

1094 (E.D.Va.1995). When determining whether sufficient facts support the underlying jurisdictional allegations in the complaint, the court may consider evidence outside of the complaint, including affidavits, depositions, or live testimony. *Id.* (citing *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982)). In addition, a court may resolve factual questions to determine whether it has subject matter jurisdiction. *Thigpen v. United States,* 800 F.2d 393, 396 (4th Cir.1986).

### A. Improper Defendants Named

■ In this case, defendants seek to dismiss Zakeri's complaint on the purely technical ground that they were not named in plaintiff's original EEOC complaint. *See* 42 U.S.C. § 2000e–5(f)(1)(stating that after the right to sue letter is issued, suit may be brought against "the respondent named in the charge"); *Lane v. Jacobson & Co., Ltd.,* 880 F.Supp. 1091, 1096 (E.D.Va.1995) (stating that a jurisdictional prerequisite to a Title VII action is naming the defendants as respondents in a charge filed with the EEOC). This assertion is true insofar as it addresses the defendants' individual liability. If the individual defendants were not named as respondents in the EEOC complaint, the court does not have subject matter jurisdiction over a subsequent suit against them in their individual capacity. To that extent, this suit is DISMISSED against the defendants in their individual capacity. Defendants' argument, however, overlooks the fact that the circumstances surrounding the amendment of Zakeri's complaint clearly indicate that he is attempting to sue the City of Norfolk

Public Works Department, which was named in the EEOC complaint.

Plaintiff initially filed suit against Harold P. Juren, Senior Deputy City Attorney, who was apparently plaintiff's point of contact during the termination proceedings. In response to Juren's Motion for Summary Judgment, plaintiff clearly indicated his desire to sue the "whole City." In the same letter, Zakeri also named five individuals and gave their official titles. These were the same five individuals that Zakeri later named when he amended his lawsuit. Notably, Zakeri again indicated their titles in his filing, suggesting an intention to file against them in their official capacity. Also indicative of this intention is that the individuals appear roughly to approximate the chain of command from Zakeri's immediate supervisor through to the Norfolk City Manager. The city apparently takes this view as well, because all of the defendants are represented by the City Attorney's office.

■ Although the issue has not been decided by the Fourth Circuit, other courts of appeal have held that plaintiffs can recover under Title VII either by naming the employer directly or by naming supervisory employees as agents of the employer. *Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir.1993); *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991).[2] Moreover, the Fourth Circuit has long held that district courts are to treat *pro se* civil rights plaintiffs with heightened solicitude such that technical pleading requirements will not prevent the plaintiff's claim from being considered. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978). Therefore, guided by these

---

**2.** Since the court dismisses the suit against defendants in their individual capacity, because they were not named in the original EEOC charge, there is no need to address defendants' argument that individual employees cannot be held liable under Title VII. *See Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507 (4th Cir.1994) (limiting the holding of *Paroline* so that individual supervisors are not held individually liable for delegable acts, such as termination decisions, taken on the employer's behalf; distinguishing *Paroline* on the ground that the conduct at issue in *Paroline* was nondelegable); *Paroline v. Unisys Corp.,* 879 F.2d 100 (4th Cir.1989), *vacated on other grounds,* 900 F.2d 27 (4th Cir.1990) (holding an individual supervisor personally liable in a

sexual harassment lawsuit). However, to the extent that the *Birkbeck/Paroline* line of cases holds that individual supervisors are not personally liable for delegable acts, but instead as agents their acts are attributed to the employer, such an analysis also supports the court's construction of this lawsuit as being against the defendants in their capacity as agents of the City of Norfolk and its Public Works Department. Thus, where respondeat superior principles are used to eliminate personal liability under Title VII, the same principles apply equally to construe a suit against the agent-employee as a suit against the principal-employer. *See Sauers,* 1 F.3d at 1125; *Busby,* 931 F.2d at 772.

principles, this court will treat plaintiff's lawsuit as against the defendants in their capacity as agents of the City of Norfolk and its Public Works Department.

*B. Official capacity liability under Title VII*

Defendants assert that plaintiff's claim against them is time-barred because it was not filed within 180 days of his termination. Under Title VII of the Civil Rights Act of 1964, a discrimination charge must be filed with the EEOC within one of two time periods. An employee normally has 180 days to file a discrimination charge with the EEOC. 42 U.S.C. § 2000e–5(e)(1). If the state has an agency "with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof," then the filing period is extended to three hundred days. *Id.* This agency is known as a "state deferral agency," or a "Fair Employment Practice Agency." *Tinsley v. First Union Nat'l Bank,* 155 F.3d 435, 436 (4th Cir.1998). The state agency then has up to sixty days to resolve the complaint, 42 U.S.C. § 2000e–5(c), after which time the complainant's charge must be filed with the EEOC "within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier." 42 U.S.C. § 2000e–5(e)(1).

In deferral agency states, the charge may be first filed directly with the state agency or with the EEOC. If the charge is first sent to the EEOC instead of to the state deferral agency, the EEOC then refers the charge to the state deferral agency for the sixty-day deference period. *See* 29 C.F.R. § 1601.13 (1998); 42 U.S.C. § 2000e–5(c). Therefore, the EEOC needs to receive the charge by the 240th day after the alleged unlawful practice occurred so that the charge is then ultimately filed with the EEOC within the prescribed three hundred-day period. *Tinsley,* at 436–37. At the same time, a charge that is sent directly to the EEOC in a deferral state later than 240 days after the alleged

unlawful practice occurred is *only* time-barred when the state agency uses the full sixty-day resolution period, which would then result in the charge ultimately being filed with the EEOC more than three hundred days after the occurrence of the allegedly discriminatory conduct. If the charge is sent directly to the EEOC after the 240th day in a deferral state, and the state agency takes less than the full sixty-day deference period to resolve the complaint, it is then still possible for the charge to be filed with the EEOC within the three hundred-day period. *EEOC v. Commercial Office Prods. Co.,* 486 U.S. 107, 111–12, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988).

When a deferral state claim is sent directly to the EEOC, and, then, through no fault of the plaintiff's, is not referred to the deferral agency, the claim is deemed to be timely filed with the EEOC after the expiration of the deferral period. *White v. Dallas Indep. Schl. Dist.,* 581 F.2d 556, 562 (5th Cir.1978) (holding that EEOC's failure to follow its own regulation and not defer plaintiff's complaint to state deferral agency "should not redound to [plaintiff's] detriment"); *see Citicorp Person–to–Person Financial Corp. v. Brazell,* 658 F.3d 232, 233 (4th Cir.1981) (stating that "[u]nder ordinary circumstances, a clear violation of [the referral] regulation by EEOC might warrant the finding of a tolling effect;" citing to *White,* 581 F.2d at 556).

Defendants rely on *McGuire v. Commonwealth,* 988 F.Supp. 980 (W.D.Va.1997), which held that because the Virginia Council on Human Rights ("VCHR") was not a deferral agency, plaintiff's claim must be filed within 180 days of his termination. Defendants argue that because the claim against the City of Norfolk Public Works was not filed within the 180–day period, plaintiff's claim is time-barred. *McGuire*'s holding on this point, however, has now been overruled by the Fourth Circuit Court of Appeals in *Tinsley,* at 437. The court in *Tinsley* held that the VCHR is a deferral agency and, therefore, the three hundred-day filing period applies to employment-related claims occurring in Virginia, rather than the shorter

180–day filing period applicable in states without a deferral agency. *Id.*

■ In his complaint to the EEOC and on this appeal, Zakeri alleges only one act of discrimination: his termination as a Civil Engineer III on February 4, 1997, based on race and national origin discrimination prohibited by Title VII and the Virginia Human Rights Act. Zakeri's complaint was filed with the EEOC on August 11, 1997. Although exceeding by eight days the shorter 180–day period applicable to nondeferral states, Zakeri's complaint was filed with the EEOC well within the time period needed for the EEOC to refer the charge to the state deferral agency, allow the full sixty-day deference period to run, and still be filed with the EEOC within three hundred days of Zakeri's termination. Zakeri's complaint was received by the EEOC on August 11, 1997, 188 days after he received his notice of termination. Had the EEOC properly referred Zakeri's claim,[3] the sixty-day deference period would have expired on the 248th day and Zakeri's complaint would have been deemed filed with the EEOC at that time, well within the three hundred-day limitation period.

The fact that the EEOC did not refer plaintiff's complaint to the VCHR is not a bar to the effective filing of his complaint within the three hundred-day limitation period. Applying the *White* equitable tolling doctrine leads to the exact same result, as if Zakeri's claim had been referred to the VCHR. Because, given the state of the record currently before the court, there is no indication that the failure to refer the complaint to the state agency was in any way the fault of the plaintiff,[4] the complaint is deemed to be filed with the EEOC on the 248th day, well within the three hundred-day period for deferral states. As a result, defendants' argument that Zakeri's EEOC complaint was not timely filed fails. There-

fore, to the extent that Zakeri's suit is a lawsuit against the City of Norfolk and its Public Works Department by suing the named defendants in their representative, official capacity, defendants' motion to dismiss is DENIED.[5]

### III. Conclusion

For the reasons stated above, insofar as defendants have been sued in their individual capacities, their motion to dismiss is **GRANTED.** Furthermore, liberally construing the *pro se* plaintiff's suit to actually be against the City of Norfolk Public Works Department by suing defendants in their official capacities, this court has jurisdiction over such a suit because of timely filing with the EEOC, and the motion to dismiss is **DENIED.**

The Clerk is DIRECTED to send a copy of this Opinion to plaintiff *pro se* and counsel for the defendants.

It is so ORDERED.

---

**3.** At the time Zakeri's charge was filed, *Tinsley* was not yet decided, but this does not change the fact that Virginia was still then a deferral agency state. *See Tinsley,* at 437 (applying the 300–day period retroactively where defendant claimed that the 180–day period applied). In addition, the VCHR was listed by the EEOC as a deferral agency in its regulations, 29 C.F.R. § 1601.74, and there was also a work-sharing agreement of some kind between the two agencies. *Tinsley,* at 437.

**4.** *See supra* notes 1 and 3.

**5.** Defendants make no other arguments for dismissal or summary judgment that are applicable to defendants in their capacities as representatives of the City of Norfolk Public Works Department, the real party in interest here.