Elizabeth L. **MEYER**, Plaintiff,

v.

**BELL ATLANTIC NETWORK SERVICES, INC.,**
Defendant.

No. Civ.A. 98–1578–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Feb. 16, 1999.

Michaele S. Battles, Kiblan & Battles, McLean, VA, for Elizabeth L. Meyer, plaintiff.

Catherine Lynn Pinkerton, Hogan & Hartson LLP, McLean, VA, Katherine Marie Harman–Stokes, Hogan & Hartson L.L.P., McLean, VA, for Bell Atlantic Corporation, Bell Atlantic Network Services, Inc., defendants.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the Court the defendant's motion to dismiss, or in the alternative, for summary judgment on the plaintiff's claims for discrimination under the Americans with Disabilities Act ("ADA") and the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*

The plaintiff, a white female, worked at Bell Atlantic as an assistant manager supervising service representatives of the defendant. The plaintiff's Northern Virginia office merged with the offices of the District of Columbia, causing plaintiff to be employed as an assistant manager in the Metropolitan Washington Call Center ("Center"). While in her position at the Center, plaintiff alleges she was confronted by several black service representatives that shouted racial epithets at her. Plaintiff complained on several occasions to her supervisor about the situation.

The plaintiff continued to have problems with employees at the Center, including problems with other assistant managers during staff meetings. Eventually, on May 15, 1996, plaintiff's supervisor met with plaintiff and told that she was not a team player and would be removed from her position if she did not improve her performance within 30 days. After that statement, plaintiff claims that she suffered a nervous break-down and went on disability leave, leaving on May 15, 1996, for several months. On September 27, 1996, the plaintiff returned from her disability leave and was removed from her position at the Center. Plaintiff's supervisor placed her into a training program for a new position as a Communications Consultant. The new position was located in Maryland and became a problem for plaintiff due to the long distance from her home

to the work site. Plaintiff was taking medications due to depression that made her too drowsy to drive long distances while the new position was located approximately 50 miles away from her home.

Plaintiff contends that she was transferred to a job for which she was not qualified, and that the training program initiated for her was canceled before its completion. Thereafter, plaintiff went on permanent disability.

Plaintiff then filled out an EEOC Intake Questionnaire and filed her unverified charge with the EEOC on April 4, 1997, one hundred and eighty nine (189) days after her "most recent" alleged violation on September 27, 1996. Plaintiff then supplemented her charge with a signed affidavit dated May 15, 1997, two-hundred and twenty nine (229) days after the alleged violation.

Summary judgment is appropriate when there is no genuine issue as to any material fact. *See* FED.R.CIV.P. 56(c). Further, an adverse party may not oppose a motion for summary judgment supported by affidavits through reliance on the allegations or denials of its pleading but must set forth by affidavits, or other means provided by Rule 56, specific facts which show a genuine issue of material fact. *See* FED. R.CIV.P. 56(e). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A material fact in dispute appears when its existence or non-existence could lead a jury to different outcomes. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue exists when there is sufficient evidence on which a reasonable jury could return a verdict in favor of the nonmoving

party. *See id.* Unsupported speculation is not enough to withstand a motion for summary judgment. *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411–12 (4th Cir.1986). Summary Judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Plaintiff contends that under section 706(e)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e)(1), she is eligible for a three-hundred day ("300–day") extended limitation period to file with the EEOC instead of the one-hundred and eighty day ("180–day") limit because she resides in a deferral State,[1] even if the charge is never instituted before the State or local agency. As authority she cites *Tinsley v. First Union Nat. Bank*, 155 F.3d 435 (4th Cir.1998); *Zakeri v. Oliver*, 19 F.Supp.2d 553 (E.D.Va.1998); *Wilson v. Bell Atlantic*, CA No. 98–494–A (E.D.Va. October 9, 1998) (Order entered).

Plaintiff's ADA and Title VII claims both fall under time limitations requirements under the federal statute stating:

> A charge under this section *shall be filed within one hundred and eighty days* after the alleged unlawful employment practice occurred and notice of the charge .... except that in a case of an unlawful employment practice with respect to which the person aggrieved *has initially instituted proceeding with a State of local agency* ... such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State

---

1. A deferral State refers to a State with an agency "with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiv-

ing notice thereof." 42 U.S.C. § 2000e–5(e)(1). Virginia is a deferral State. 29 C.F.R. § 1601.74(a).

or local agency has terminated the proceeding under the State of local law. . . .

42 U.S.C. § 2000e–5(e)(1) (emphasis added).

In *Tinsley v. First Union Nat. Bank*, the Fourth Circuit addressed the issue of whether the 300–day limitation applies when a plaintiff initially files with the EEOC in a deferral State. 155 F.3d 435, 439 (4th Cir.1998). In *Tinsley*, the plaintiff initially filed her unverified charge with the EEOC, two hundred and twenty three days after her alleged discriminatory discharge, forty three days past the 180–day limitation period. After the plaintiff's filing, the EEOC then deferred the charge to the Virginia Council on Human Rights pursuant to a work-sharing agreement between the Council and the EEOC. The Fourth Circuit held that the referral to the State agency satisfied the requirements of § 706(e)(1), requiring the aggrieved person to institute proceedings with the State agency in order to qualify for the 300–day limitations period.

The Fourth Circuit held that a plaintiff's charge does not need to be "initially" filed with the EEOC in a deferral State where the EEOC then refers the charge off to the State agency. Whereas the EEOC has authority to file the charge with a State agency in a deferral State which extends the limitations period, it is apparent that the EEOC is filing in place of the actual claimant. *See Love v. Pullman Co.*, 404 U.S. 522, 525, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972) (stating that "nothing in the Act suggests that the State proceedings may not be initiated by the EEOC acting on behalf of the complainant rather than by the complainant himself"). Therefore, whether it is the actual claimant that

files with the State agency, or the EEOC that refers the claimant's charge to the State agency, the State agency has "initially instituted [the claimant's] proceedings" to determine if any action should take place. 42 U.S.C. § 2000e–5(e)(1). The EEOC's referral to the State agency satisfies the requirements under § 706(e)(1), where the charging party's limitation to file a complaint with the EEOC is extended to 300–days.

The statute specifically grants the charging party extra time to instituted its charge with the EEOC, as long as they have "initially instituted proceeding with a State or local agency." 42 U.S.C. § 2000e–5(e)(1). After such a charge is placed within the hands of the local agency, "no charge may be filed under [42 U.S.C. § 2000e–5(a)] by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law. . . ."[2] 42 U.S.C. § 2000e–5(c). The State agency has sixty days in which to resolve the complaint on its own, after which the charging party may seek redress from the EEOC. Therefore, the State agency has exclusive processing of the charge for sixty days.[3] The federal statute addresses the exclusive jurisdiction of the State by granting an extended period of time for the aggrieved party to file a federal charge with the EEOC under 42 U.S.C. § 2000e–5(a), giving a 300–day limitation period to file a charge after proceeding first with the State agency.[4] Under the reading of the federal statute, the charging party is given extra time to file with the EEOC so that they may first refer to the State agency that has authority to grant or seek relief

---

**2.** The State agency's exclusive period is increased to 120 days during the first year of the State or local law prohibiting the employment practice. 42 U.S.C. § 2000e–5(c).

**3.** A State agency may waive its right to the period of exclusive processing. *See* 29 C.F.R. § 1601.13(a)(3)(iii).

**4.** In a deferral State, charges are deemed filed with the EEOC "where the document on its face constitutes a charge within a category of charges over which *the [State or local] agency has waived its rights* to the period of exclusive processing. . . . Such filing is timely if the charge is received within 300 days from the date of the alleged violation." 29 C.F.R. § 1601.13(a)(4)(ii)(A) (emphasis added).

from the discriminatory practice. *See generally* 29 C.F.R. § 1601.13(a)(3)(i).

In the present case, Ms. Meyer lives in Virginia, a deferral State. She filed her unverified complaint with the EEOC, failed to file with the local State agency, and the EEOC never referred the charge to a State agency. The initial filing of her charge with the EEOC was 189 days after the alleged discriminatory action, nine days after the time limitation imposed by the statute. Meyer alleges that since her charge was filed with the EEOC in a deferral State within the 300–day limitation period, her charge was timely. Meyer contends that since she lives in a deferral State, it should not be at the fault of the plaintiff that the EEOC did not refer her charge to a State agency. Therefore, the 180–day limitation should be extended to the 300–day limitation because the EEOC could have referred the charge to the State agency. Meyer cites to *Tinsley* to support her contention.

This Court cannot agree with Plaintiff's interpretation of the ruling in *Tinsley*. As stated above, the Fourth Circuit in *Tinsley* did address the issue of whether or not an aggrieved party's charge was timely filed when they initially filed with the EEOC within the 300–day limitation. 155 F.3d 435 (4th Cir.1998). The EEOC deferred the charge to the local State agency, which then had exclusive jurisdiction to handle the issue, or waive the action. The *Tinsley* case follows the same line of reasoning as the Supreme Court in *Love v. Pullman Co.* that allows for the federal agency to file on behalf of the individual complainant, rather than the complainant filing for himself. 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).

*Tinsley* and *Love* read together do not stand for the proposition that all individual claimants that live in deferral States are automatically extended the 300–day filing time limitation with the EEOC, regardless of whether or not the State agency is involved. To make this implication would then conclude that all individuals who live in States without State or local deferral agencies would be restricted with the 180–day filing time limitation, one-hundred and twenty days less than those who live in deferral States, regardless of a State agency's involvement. The Supreme Court in *Mohasco Corp. v. Silver*, discussed the legislative history concerning the reasoning behind the two time limitations in the language of the congressional statute. 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). The Court reviewed the reasoning behind Congresses decision to give an extra amount of time for filing with the EEOC for individuals in deferral States, and found that besides the clear intention to increase the role of States and localities in resolving charges of employment discrimination, the extension was included "to prevent forfeiture of a complainant's federal rights while participating in State proceedings."[5] 447 U.S. at 820, 100 S.Ct. at 2494. The Supreme Court in *Mohasco Corp.*, clarified Congresses intent that nothing in the legislative history contained any "suggestion that complainants in some States were to be allowed to proceed with less diligence than those in other states." *Id.* at 821, 2494–95 (quoting *Moore v. Sunbeam Corp.*, 459 F.2d 811, 825, n. 35 (C.A.7 1972)). "The statutory plan was not designed to give the worker in a deferral State the option of choosing between his state remedy and his federal remedy, nor indeed simply to allow him additional time in which to obtain state relief." *Id.*

---

**5.** The Supreme Court reversed the Court of Appeals for the Second Circuit in *Mohasco Corp. v. Silver*, but followed the line of reasoning of the dissent of Judge Meskill. Judge Meskill found that "Congress had imposed a general requirement of filing within 180 days, and that the exceptional period of 300 days for deferral States was merely intended to

give the charging party a fair opportunity to invoke his State remedy without jeopardizing his federal rights; the exception was not intended to allow residents of deferral States to proceed with less diligence than was generally required." *Mohasco Corp.*, 447 U.S. at 813–14, 100 S.Ct. 2486 (in dicta).

In *Oscar Mayer & Co.*, the Supreme Court found that Congress intended through § 706(c) of Title VII, to give State agencies the opportunity to resolve discrimination disputes, and therefore make it unnecessary to resort to federal relief. 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1971); *see also* 42 U.S.C. § 2000e–5(c). Section 706(c) of Title VII is used as a screening process from the federal courts where these actions can be settled in "a voluntary and localized manner." *Oscar Mayer & Co.*, 441 U.S. at 755, 99 S.Ct. at 2071 (quoting 110 Cong.Rec. 12725 (1964) (remarks of Sen. Humphrey)). Whereas the State agencies cannot address discrimination complaints that are not brought to their attention, § 706(c) has been interpreted to require individuals to defer to the State agencies before bringing suit under Title VII. *Id.; see Love*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). The Court in *Oscar Mayer & Co.* held that under § 2000e–5(c) of Title VII, resort to local remedies in deferral States by individuals is mandatory, not optional.[6] 441 U.S. at 757, 99 S.Ct. 2066. In the present case before this Court, the plaintiff failed to follow the statutory requirements under § 2000e–5(c) which requires her to file with the deferral State's agency whereas plaintiff resides in a deferral State.

Ms. Meyer argues that, out of fairness, the 300–day limitation period should apply whereas it was the "fault" of the agency for not referring the charge to the State agency, thus she should not be penalized for an error of the EEOC. What the plaintiff fails to acknowledge is that the fault of failing to file with the State agency was that of the plaintiff, and not that of the EEOC. "We must respect the compromise embodied in the words chosen by Congress. It is not our place simply to alter the balance struck by Congress in procedural statutes by favoring one side or the other in matters of statutory construction." *Mohasco Corp.*, 447 U.S. at 826, 100 S.Ct.

2486. The filing extension period was written into the language of the statute specifically to allow for time to file with the State agency first, whether the plaintiff filed herself, or the EEOC filed it for her. Thereafter, § 706(c) of the federal statute gives the State agency exclusive jurisdiction to initiate or waive the proceedings. Once the State proceeding has been commenced, the federal EEOC may not initiate charges until the expiration of sixty days. 42 U.S.C. § 2000e–5(c).

At no time did the State agency ever become involved in Meyer's charge, and, at no time did she require the extended time to file with the State agency and, thereafter, with the EEOC. This Court finds that the plaintiff failed to file her charge within the 180–days required under the plain reading of the statute, and the plaintiff's claim must fail. The defendant's motion for summary judgment should be granted.

An appropriate Order shall issue.

### *ORDER*

For the reasons stated in the accompanying memorandum, it is hereby

ORDERED that the defendant's motion for summary judgment is GRANTED, and this case is DISMISSED.

---

6. The Supreme Court held that § 14(b) of the ADEA follows the same statutory reasoning behind § 706(c) of Title VII, thus ruling that resort to administrative remedies in deferral States is mandatory.